UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFREY J. MARSALIS,<br><br>                  Petitioner,<br><br>vs.<br><br>JOSH TEWALT,<br><br>                  Respondent. | Case No. 1:24-cv-00403-REP<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Jeffrey J. Marsalis (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his Idaho state court conviction. Dkt. 3. When he filed his Petition, he was in legal and physical custody of the Commonwealth of Pennsylvania on an unrelated conviction that preceded his Idaho conviction. The Pennsylvania conviction is not at issue here. He now is housed in a Florida federal facility, which is also not at issue here.

      Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district

**INITIAL REVIEW ORDER - 1**

court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation in this matter.

## REVIEW OF PETITION

1. **Background**

Petitioner was convicted by jury of one count of rape in Blaine County in 2009. The prosecution contended that Petitioner had nonconsensual sex with the victim when she was drunk and incapable of giving consent. Petitioner defended on grounds that the victim had consented.

Petitioner filed a direct appeal, and then a post-conviction action. After summary dismissal of the post-conviction action in 2017, the Idaho Supreme Court reversed the decision in 2020 and required the state district court to hold an evidentiary hearing. The state district court did so in 2021, and denied the post-conviction application a second time in 2022. On appeal, the Idaho Supreme Court affirmed denial of post-conviction relief in 2024. *See* Petition, Dkt. 3 at 2-4.

2. **Discussion**

In the Petition for Writ of Habeas Corpus, Petitioner assets the following claims:

(1) denial of the Sixth Amendment right to testify.

(2) (a) ineffective assistance of counsel (IAC) for failing to challenge the testimony of expert witness Marc LeBeau regarding

**INITIAL REVIEW ORDER - 2**

>Petitioner's and the victim's blood alcohol concentration; (b) IAC for failing to call witness John Hampton to testify at trial; (c) IAC for failing to advise Petitioner of the speedy trial deadline of 120 days under the detainer statute and of the remedy for its breach (dismissal of the criminal charge with prejudice); and (d) that the aggregate of these IAC claims warrants relief.
>
>(3) that the State obtained a grand jury indictment by knowingly presenting false testimony to the grand jury, violating Petitioner's Fourteenth Amendment right to due process.

Dkt. 3 at 5-13.

Claim 1, denial of the right to testify, appears to be procedurally defaulted. Petitioner asserts that the exception established in *Martinez v. Ryan*, 566 U.S. 1 (2012), may apply to excuse the default of this claim. However, that exception applies only to ineffective assistance of trial counsel claims. *See Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to a defaulted *Brady* claim).

As pleaded, the claim is brought as a stand-alone claim of the court's denial of the right to testify. If Petitioner desires to also raise the claim as an ineffective assistance of counsel claim, he may file an amended petition. The claim brought under either theory appears to be procedurally defaulted, but the *Martinez v. Ryan* exception can be applied only to the ineffective assistance version, which has not been raised in the Petition.

### 3. In Forma Pauperis Application and Request for Appointment of Counsel

Petitioner has requested that the Court appoint counsel for him (Dkt. 6), but, presently, he does not qualify for in forma pauperis status. Title 28 U.S.C. § 2254(h) provides that "the court may appoint counsel for an applicant who is or becomes

**INITIAL REVIEW ORDER - 3**

financially unable to afford counsel." Petitioner consistently has over $2,000.00 in his prison trust account each month, and had accrued as much as $2,633.33 in his account as recent as May 2024. *See* Dkt. 2. His Application states that he received $700.00 from his family members over the past six months and earns $63.00 a month as a tutor, but that does not account for the rest of the money in his account. This is a discrepancy that has not been explained by Petitioner. Even with the discrepancy, his account balance shows that Petitioner is not a pauper, given that his necessities of life are paid by the taxpayers. He may be able to seek counsel on a payment plan at his own expense. Petitioner will be required to pay the $5.00 filing fee within 21 days after entry of this Order.

The Court notes that the Federal Defenders Capital Habeas Unit (CHU) attorneys have informed the Clerk that they will agree to represent Petitioner in this case if the Court will appoint them. If, in the future, Petitioner becomes a pauper and he can explain the discrepancy between his prison trust statements and his application, the Court may appoint the CHU to represent him, to the extent that the Federal Defenders are able to do so within their current budget and time restrictions, and do not require appointment of additional paid pro hac vice counsel. Or, if counsel are aware of another provision of law that would permit their appointment, Plaintiff may provide that in a new motion. These are somewhat uncharted waters, and Petitioner is free to suggest any lawful options he may find.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Application for in Forma Pauperis Status (Dkt. 1) is DENIED without prejudice. Petitioner must pay the $5.00 filing fee **within 21 days** after entry of this Order.

2. Petitioner's Motion for Appointment of Counsel (Dkt. 6) is DENIED without prejudice.

3. If Petitioner's financial circumstances have substantially changed, he may file a new in forma pauperis application and new request for appointment of counsel.

4. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondents, at Mr. Anderson's registered ECF address.

5. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

6. Respondents shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

7. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondents' answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

8. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondents' reply, if any, shall be filed and served **within 14 days** thereafter.

9. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

10. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

11. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

12. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

13. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11,

**INITIAL REVIEW ORDER - 7**

and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

14. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

15. If Petitioner's custodian changes at any point during this litigation, counsel for Respondents shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as a Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.



DATED:  January 29, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**INITIAL REVIEW ORDER - 8**